## Little *v.* Britton, *et al.*

*Bill to Avoid Sale and Assignment of Judgment.*

(Decided November 7, 1914.  66 South. 694.)

1. *Partnership; Partners; Authority.*—Each member of a partnership is the agent of the firm as to all transactions coming within the scope of the partnership business, and has authority to deal with and to sell the choses in action of the partnership, or to collect or adjust the debts of the partnership.

2. *Same; Limitations Upon.*—Limitations on the authority of an individual member of the partnership within the scope of the business of the partnership are operative only between the partners, unless a third person dealing with such partner is acquainted with the special limitations on the authority of such partner in the premises, and the burden of showing knowledge on the part of such third person dealing within the scope of the business with a partner whose authority is claimed to be limited, is on one affirming such to be the fact.

3. *Same; Choses in Action; Assignment.*—Where a partnership was engaged in construction work, and obtained a judgment fixing a mechanic's lien of $193.00 on certain property, and the value of such judgment was doubtful because of the existence of a mortgage for the purchase price of the lot on which the improvements were made, a sale of the judgment by the junior partner for $40.00 was an act within his authority in the line of the partnership business, and bound the partnership.

[Little v. Britton, et al.]

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Bill by W. L. Little against W. F. Britton and others, to avoid an assignment of a judgment belonging to the firm of Little & Britton. Decree for respondents and complainant appeals. Affirmed.

CHARLES F. DOUGLAS, for appellant.

WILLETT & WILLETT, for appellee.

McCLELLAN, J.—Little & Britton was a partnership engaged in working and executing building contracts in the city of Anniston. In enforcement of the firm's right to a balance due for building a house for O. H. Sompke a judgment for $193, in favor of the firm, imposing a lien upon the property, was rendered by the city court of Anniston. Willett and Welborn purchased the judgment through Britton, the junior partner, the formal assignment being made, for convenience, to their agent, Dent. The sum paid by them was $40; the price's depression being due to the asserted doubt whether the lien of the judgment was not subordinate to a previous mortgage given for purchase money of the lot on which the building was erected.

This bill seeks to avoid the sale and assignment of the judgment by Britton to Willett and Welborn on the ground of fraud, in fact and in law, effecting the dealing between Britton and Willett and Welborn. Our conclusion accords with that given effect in the decree appealed from, that the right to this relief was not sustained in law or in fact.

"Each partner is the agent of the firm as to all transactions coming within the scope of the partnership business. This general authority is to be tested by

the nature of the particular business to which the partnership relates, and its ordinary usages."—*Ala. Fertilizer Co. v. Reynolds,* 79 Ala. 497, 502. The nature and purposes of the partnership described in the pleading and evidence in this cause imported as to third persons not put on notice to the contrary that each partner had the authority to deal with, to sell, the choses in action of the partnership or to collect or to adjust debts due the firm.

Limitations upon the individual partner's authority, within the scope of the partnership's business, are only operative between the partners, unless the third party charged is acquainted with the special limitations upon that partner's authority in the premises.—*McCrary v. Slaughter,* 58 Ala. 230; *Crosswell v. Lehman, Durr & Co.,* 54 Ala. 363, 25 Am. Rep. 684. The burden of proof to show knowledge on the part of a third party dealing within the scope of the partnership business, with a partner whose authority is limited, is upon the affirmer of that state of fact.—*Humes v. O'Bryan,* 74 Ala. 65.

The evidence is opposed to the complainant's contention that Willett and Welborn knew, or had any notice of, the asserted limitation on the authority of the junior partner, Britton, restrictive of his right to dispose of the chose in action here under view. And, furthermore, the evidence does not convince that the complainant has carried the burden, assumed by him, to show that Britton's authority as a full partner was restricted by agreement of the members of the firm. The depressed value at which Britton sold the judgment was, if at all necessary, fully explained by the condition of the property with reference to another charge upon it. However, given the authority of Britton to sell, which under the relation, he had, no invalidat-

[H. H. Hitt Lumber Co., et. al. v. Cullman Property Company.]

ing implication could, under the circumstances here shown, be drawn from the fact, if so, that the valuable consideration paid for the judgment was greatly less than its real value. If an unfortunate bargain was made, the authorized representative of the partnership was responsible therefor.

The decree is without error. It is affirmed. Affirmed.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.