### RICHARDSON v. STINSON. (7 Div. 469.)

(Supreme Court of Alabama. April 17, 1924. Rehearing Denied May 15, 1924.)

1. Trial ⬤⟿169—As against requested general charge complaint held to state cause of action.

Complaint charging that plaintiff had lien on cotton, that defendant, with knowledge of it, received and disposed of the cotton, and has failed and refused after demand to account to plaintiff for proceeds, whether deemed in case or assumpsit, *held* to state cause of action, as against defendant's request for general charge, on ground that it failed to do so.

2. Trial ⬤⟿169—Defendant not entitled to general charge because of one count in consolidated case not stating cause of action.

Even if complaint in one of three cases, involving the same law and facts and between the same parties, fails to state a cause of action, defendant is not on this ground, after the cases have been consolidated, whereby the counts in the other cases, which are unquestioned, have become part of the consolidated case, entitled to the general charge, instructing a finding against plaintiff as to the entire case.

3. Evidence ⬤⟿595—Demand and refusal may be inferred, and need not be proved in exact words.

Demand and refusal need not be proved in exact words, but it is enough that there is ample evidence from which the jury can infer them.

4. Evidence ⬤⟿374(2)—Execution prima facie proven by subscribing witness.

It is sufficient proof of the execution of a cotton crop mortgage by P., to render it prima facie admissible, that the subscribing witness testified that P. could not write, and told H. to sign for P., which H. did, and that P. made his mark.

5. Witnesses ⬤⟿275(2)—Sustaining objection to cross-examination of plaintiff as to former business practice held not error.

Sustaining objection to questions on cross-examination of plaintiff as to his former practice of slipping notes over a man to catch him, or of what he told K. when he took a note from him like the one in question, *held* not error.

6. Trial ⬤⟿311—Jury could use common knowledge notwithstanding testimony of recent value of cotton.

The jury was not conclusively bound by defendant's statement as to the value of cotton in question, as they must have had some common knowledge of what cotton was worth, when defendant received it, a few months before trial.

On Rehearing.

7. Judgment ⬤⟿237(4)—Held in effect for defendant struck out by amendment of complaint.

There was in effect a judgment for defendant bank, the judgment entry showing complaint was amended by striking it out as defendant, leaving only an individual defendant, and judgment rendered being against him alone.

8. Costs ⬤⟿90—Should be allowed defendant stricken as party by amendment of complaint.

Judgment for costs incurred by defendant struck out, as a party by amendment of complaint should have been rendered by trial court.

9. Appeal and error ⬤⟿226(1), 719(10)—Failure to render judgment for costs not to be raised for first time in appellate court.

Omission to render judgment for costs for defendant struck out as party by amendment of complaint should not be raised for first time in appellate court, and that too by brief merely, without assignment of error.

10. Appeal and error ⬤⟿1149—Appellate court, if having proper data, could amend judgment to allow costs to party struck out.

Appellate court could, if having proper data, correct judgment to allow costs to a party struck out by amendment of complaint.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by S. L. Stinson against J. K. Richardson for destruction of mortgage liens. Judgment for plaintiff, and defendant ap-

peals. Transferred from the Court of Appeals under Acts 1911, p. 449, section 6. Affirmed.

The complaint alleges that the plaintiff is the holder of a mortgage executed to him by one J. J. Pope to secure an indebtedness which remains unpaid, and conveyed to plaintiff the equitable title to all crops of cotton raised or caused to be raised by Pope during the year 1922; that Pope raised cotton subject to plaintiff's mortgage, and the defendant, with knowledge, did buy or receive a bale of cotton, of the value stated, and sold or removed the same beyond plaintiff's reach, destroying his lien, etc.

On examination of plaintiff's witness Howell he was shown the mortgage, the basis of plaintiff's claim, and testified that he had signed the same for Pope, who could not write; that Pope made his mark, and he witnessed it.

Hugh Reed, of Center, for appellant.

The affirmative charges requested by defendant should have been given. Richardson v. Sewell (Ala. App.) 97 South. 678; Griffis v. Wilson, 18 Ala. App. 449, 92 South. 907. Execution of the mortgage was not properly proven, and should not have been admitted in evidence. Penton v. Williams, 163 Ala. 603, 51 South. 35. Appellant should have been permitted to go into the general course of appellee's transactions to show fraud in taking the mortgage involved. Nelms v. Steiner, 113 Ala. 562, 22 South. 435. Judgment for costs incident to making the bank (later eliminated) a party should have been rendered against appellee. Code 1907, §§ 2504, 2668.

C. B. Sims, of Center, for appellee.

The affirmative charge for defendant was properly refused. Hurst & McWhorter v. Bell & Co., 72 Ala. 340; McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Orman v. Scharnagel, 210 Ala. 381, 98 South. 123; Rooks v. Swift & Co., 210 Ala. 364, 98 South. 16. There was no error in the judgment. Code 1907, § 5367.

ANDERSON, C. J. [1, 2] This record presents three cases which involve the same law and facts between the same parties and were consolidated and tried as one case; two of the suits having started in the justice of the peace court and appealed to the circuit court. It is insisted that the defendant's requested charges 1 and 2, the general charge, should have been given, for the reason that the complaint in the third case, that is, the one originally filed in the circuit court, does not state a cause of action. While this count may be subject to demurrer, but which was not interposed, we do not think it fails to state a cause of action whether it be deemed in case or assumpsit. It charges that plaintiff had a lien on the cotton; that defend-

ant, with knowledge of said lien, received and disposed of said cotton, and has failed and refused, after demand, to account to the plaintiff for the proceeds of said sale. Moreover, if this complaint did not state a cause of action, the defendant was not entitled to the general charge as to the counts in the other cases, which became a part of the consolidated case, and which are unquestioned, and said charges instruct a finding against the plaintiff as to the entire case.

[3] Nor do we think that the defendant was entitled to the general charge because the plaintiff failed to prove a demand and refusal as averred in the complaint. True, the plaintiff did not prove in exact words an express demand and refusal, but there was ample evidence from which the jury could have inferred a demand and refusal. The plaintiff testified as to seeing the defendant and claiming the cotton, and that the sale price was furnished him by said defendant, and the defendant's witness Pope testified that defendant told him after the first bale had been sold that plaintiff had claimed the cotton.

[4] There was sufficient proof of the execution of the mortgage by Pope to render it prima facie admissible as evidence. The subscribing witness, Howell, testified that Pope could not write, and told him to sign for him, which he did, and Pope made his mark.

[5] There was no error in sustaining the objection to the questions to the plaintiff on cross-examination as to his former practice or custom of slipping notes over a man to catch him or of what he told one Kilgore when he took a note from him like the one in question.

[6] We cannot say that the trial court erred in refusing the motion for a new trial because the verdict was excessive. True, the verdict about equals the value of the cotton as stated to the plaintiff by the defendant, but the jury could have inferred that the rent, one-fourth, had been excluded by defendant. Moreover, the jury was not conclusively bound by the statement of the defendant as to the value of the cotton, as they must have had some common knowledge of what cotton was worth, at the time the defendant received same, just a few months before the trial.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.

### On Rehearing.

ANDERSON, C. J. It is urged that the court did not consider or treat the seventh assignment of error, and which is as follows: "The court erred in failing to render a judgment in favor of defendant Farmers' & Merchants' Bank." The judgment entry shows

that the complaint was amended by striking out the bank as party defendant, and this left only the appellant as party defendant, and the judgment rendered was against him alone and not the bank, and was in effect a judgment in favor of the bank. Handly Reeves & Co. v. Lawley & Co., 90 Ala. 527, 8 South. 101. True, the trial court should have rendered judgment for the bank for cost incurred by it, but this omission is not assigned as error, and should have been brought to the attention of the trial court at the time of the amendment, the rendition of the judgment or by motion to retax, and not for the first time in this court by brief and without an assignment of error. True, this court would no doubt have the power to correct it if it had the proper data (Long v. Gwin, 188 Ala. 196, 66 South. 88; Neff v. Edwards, 81 Ala. 246, 2 South. 88), but we do not feel called upon to do so upon the present condition of the record.

Rehearing denied.