141 So. 723

**FIRST STATE BANK OF ALTOONA v. CHADWICK.**

**7 Div. 885.**

Court of Appeals of Alabama.

March 29, 1932.

Rehearing Denied May 10, 1932.

W. T. Murphree, of Gadsden, for appellant.

M. C. Sivley and Dortch, Allen & Dortch, all of Gadsden, for appellee.

**RICE, J.**

Essentially, these are the undisputed facts in this case: Appellee and one Scruggs were operating a cotton gin as general partners, using the firm name of Sneed Gin Company. In and as a part of said business they bought, from time to time, cotton, buying odd lots of seed cotton, or lint cotton, and in this way, at the time the matters here involved arose, having accumulated some five or six bales (for they ginned, and baled up, their said purchases) of said cotton.

Scruggs also bought and sold cotton during said time, on his own, individual, account, having an arrangement with appellant to finance his said individual operations.

The partnership "banking" was done, it seems, through another bank, the Boaz bank.

Scruggs issued two checks, drawn on appellant, payable to the "Sneed Gin Company" and delivered these checks to appellee, in full payment for, according to appellee's contention, the five or six bales of partnership cotton, above mentioned.

Under Scruggs' arrangement with appellant—for financing his individual cotton business, as aforesaid—he was to, and did, deposit warehouse receipts with it, and appellant was to, and did, honor checks drawn by him up to the value of the cotton represented by the receipts so deposited.

When cotton thus handled by Scruggs was sold, it was sold by him, he taking the said receipts from appellant under a "trust receipt," and bringing back to appellant the proceeds of the said sales, and applying same upon his indebtedness to appellant.

Scruggs did not have any arrangement—though we are persuaded this is not pertinent, here—with appellant to "honor" any checks other than those the amount of which was covered by cotton receipts he might, or must, have on deposit with it.

When the two checks above, the nonpayment of which is the basis of this suit, or, at least, which gave rise to this suit, were presented by appellee to appellant for payment, Scruggs had on deposit with appellant receipts for some fifteen bales of cotton, against which checks had been honored up to the full value of said cotton, and Scruggs had no funds or collateral with the bank (though this, too, is impertinent) to cover the checks when presented.

All the above warehouse receipts were in the name of Scruggs, and appellant had no knowledge as to where, or from whom, Scruggs had bought them.

It is not shown that appellant had any knowledge, or notice, of any claim or interest to, or in, any of said warehouse receipts, adverse to Scruggs—whether in favor of appellee, or any other person.

When all the cotton, the receipts for which Scruggs had on deposit with appellant, was sold by Scruggs, as it was, the proceeds did not suffice to extinguish Scruggs' debt—on account of checks in payment for said cotton, drawn by Scruggs and paid by appellant—to appellant.

We think what we have set out above is sufficient to serve as an intelligent basis for our views.

The suit was by appellee against appellant claiming damages for the "conversion" of the "five or six bales" of partnership cotton, hereinabove referred to; also, with a count claiming as for money had and received, etc.

In a trial by the judge, sitting without a jury, judgment was in favor of appellee.

The rules obtaining here for review of such a judgment are, we take it, so well known that they need not be referred to.

Really, they are not instantly important, because, as we see it, under no phase of the

undisputed testimony was appellee entitled to recover in this suit.

What was said by us in the opinion in the case of Farmers' & Merchants' Bank v. Talley, 132 So. 871,[1] and approved by the Supreme Court (Id., 222 Ala. 455, 132 So. 876), fully demonstrates the correctness of the above conclusion. We will not repeat, here.

But, in addition, we remark that, here— without regard to the holding in the opinion in said Farmers' & Merchants' Bank v. Talley, supra—appellee could not recover because the undisputed testimony shows that Scruggs, his partner, was fully paid, by appellant, for the "five or six bales" of cotton, the basis of appellee's claim.

Scruggs had full authority to sell said cotton, and receive pay therefor. He is shown to have done this. Consequently, even if it be said the appellant obtained said cotton, as indicated, from Scruggs, though we do not hold that it did, yet it would be liable in no amount to appellee—this for the reason that it had already paid Scruggs. Code 1923, § 9375; United Drug Co. v. Gramling-Belcher Drug Co., 216 Ala. 79, 112 So. 357.

It appearing that judgment was erroneously rendered in favor of appellee, the same is hereby reversed. And, the testimony being undisputed, and conclusive to the effect that appellee cannot recover in the suit, judgment is here rendered in favor of appellant, for its costs, etc. Code 1923, §§ 9498, 9502.

Reversed and rendered.

