72 So.2d 75

**R. L. TURNER MOTORS  v.  HILKEY.**

**6 Div. 487.**

Supreme Court of Alabama.

April 15, 1954.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Ingram Beasley, Birmingham, for appellee.

STAKELY, Justice.

Henry W. Hilkey (appellee) filed three separate actions against R. L. Turner Motors, a partnership composed of R. L. Turner and Anna L. Turner (appellant), and R. L. Turner, Anna L. Turner and C. M. Jacobs. In each case there was a verdict against R. L. Turner Motors, a partnership composed of R. L. Turner and Anna L. Turner. In each case a judgment was entered against R. L. Turner Motors, a partnership composed of R. L. Turner and Anna L. Turner, and in favor of each of the individual defendants. The cases were tried on the same evidence, 'except as we shall show, at one time and the cases are submitted here together on one record on this appeal by agreement. The three separate cases are designated for convenience by the numbers in the court below as follows:

Case No. 25310–X   False Imprisonment on February 13, 1951, Judgment $2,000.

Case No. 25311–X   Malicious Prosecution on February 14, 1951, Judgment $1,000.

Case No. 25312–X   Malicious Prosecution on April 4, 1951, Judgment $2,000.

In each of the cases there was a motion for a new trial, which was overruled by the court.

In view of the points raised on the appeal, a detailed statement of the evidence will not be made. We shall only state the evidence which counsel consider pertinent to these points, as stated in their briefs.

Henry W. Hilkey, appellee, was employed by R. L. Turner Motors, appellant, as a mechanic at the garage owned and operated by R. L. Turner Motors. On or about the 10th day of February, 1951, Henry W. Hilkey purchased from R. L.

Turner Motors, an automobile, paying the sum of $100 on the purchase price and agreeing to pay the balance in weekly installments under a conditional sales contract. On the following Monday, which was about February 12, 1951, Henry W. Hilkey left the employment of R. L. Turner Motors, where he had been paid $15 per week for his services, and went to work for the Grayson Lumber Company for $75 or $80 per week. There is testimony introduced by the defendant tending to show that Henry W. Hilkey was planning to leave the State of Alabama with the car to return to his former home in the State of Washington, and further that the radio in the car and tools of the car were missing and could not be located.

On February 13, 1951, police officers of the City of Birmingham went to the home of Henry W. Hilkey after he and his wife had retired and placed him under arrest on a charge of embezzlement. He was arrested and placed in the City Jail of the City of Birmingham at the instance of R. L. Turner, the managing partner of R. L. Turner Motors. He remained in the city jail from 9:29 P.M. of February 13th until 3:40 P.M. of February 14th. The officer causing the defendant to be arrested at the instance of R. L. Turner had an agreement with R. L. Turner that R. L. Turner "would get a proper warrant the next morning." The next morning after the arrest and imprisonment, R. L. Turner went to the court house and instead of obtaining a warrant for embezzlement obtained a warrant for using an automobile with a switched license tag.

While the foregoing proceedings were pending Henry W. Hilkey was arrested on another warrant, charging him with grand larceny, which was instigated by R. L. Turner.

While Henry W. Hilkey was incarcerated in the city jail the automobile purchased by him from R. L. Turner Motors and which was parked in front of the home of Henry W. Hilkey was repossessed and carried to a storage garage at the instigation of R. L. Turner. The automobile was never returned to Henry W. Hilkey.

On each of the criminal charges against Henry W. Hilkey, Henry W. Hilkey was tried and acquitted.

■ I. It is a general rule that a tort committed by one partner will not bind the partnership unless it be authorized or ratified or be within the scope of the partnership business. Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L.R.A. 650; Cummings v. S. Funkenstein Co., 17 Ala. App. 7, 81 So. 343. See also 68 C.J.S., Partnership, § 183, p. 638.

In Section 1, Title 43, Code of 1940, it is provided as follows:

"Every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner, and for this purpose may bind his copartners by an agreement in writing."

The evidence in the case at bar shows without dispute that R. L. Turner Motors, a partnership composed of R. L. Turner and Anna L. Turner, was engaged in the business of buying, repairing and selling used car automobiles in the City of Birmingham. R. L. Turner was the managing head of the firm. The prosecutions made the basis of the suits at bar were instigated by R. L. Turner and the inference can be clearly drawn that these prosecutions were instigated for the purpose of not allowing Henry W. Hilkey and his car to get beyond the jurisdiction of the Alabama courts, so that the car could be repossessed.

In Marks v. Hastings, 101 Ala. 165, 13 So. 297, it is shown that a partnership is responsible for the wrongful act of one of its members committed in the course and for the purpose of transacting the partnership business. It was held in that case that a partner who was absent from the state at the time the tortious act was committed could not be held personally liable, since he was in entire ignorance of and had nothing to do with the tortious act. In that case it was said that a "prosecution for larceny for goods stolen from the firm is not within the scope of a mercantile partnership."

■ Account, however, should be taken of the conduct of certain types of business. The general authority of each partner is to be tested by the nature of the particular business of the partnership and its ordinary usages. Alabama Fertilizer Co. v. Reynolds & Lee, 79 Ala. 497; Little v. Britton, 189 Ala. 10, 66 So. 694. As pointed out by the lower court, the partnership in the present case is engaged in the used car business. It is a matter of common knowledge that this business includes the buying and selling of used cars, the repair of same and most important, the financing and collecting of the installments and the repossessing of the property whenever the debtor becomes in arrears or the property placed in jeopardy. It is evident that when a car is taken beyond the jurisdiction of the state in which the seller lives that the problem of repossessing the car, if necessary, is increased. Under all the circumstances we therefore are of opinion that the partnership in the instant case can by the jury be held liable for the tortious acts of R. L. Turner and that what he did was done in the prosecution of the partnership business. The court was therefore justified in refusing the affirmative charge requested by the defendant in each of the foregoing cases.

■■ II. The original complaint shows the defendants sued to be R. L. Turner and Anna L. Turner, partners trading and doing business under the name of R. L. Turner Motors, R. L. Turner, Anna L. Turner, C. M. Jacobs, R. L. Turner Motors, whose name is otherwise unknown to the plaintiff, whose correct name will be supplied by amendment when ascertained, and John Doe. R. L. Turner Motors, a partnership composed of R. L. Turner and Anna L. Turner, was added by amendment. It will be recalled that the judgment was against R. L. Turner Motors, a partnership, composed of R. L. Turner and Anna L. Turner. Our cases hold that where several defendants are originally sued and another party defendant is added by amendment, a judgment entered on a verdict against the party added by amendment alone, works a discontinuance of the cause.

Donaldson v. Donaldson, 216 Ala. 259, 112 So. 836; Van Landingham v. Alabama Great Southern R. Co., 243 Ala. 31, 8 So.2d 266. The foregoing principle is not applicable to the present case. No new parties were added. The amendment merely served to designate properly and to bring into court the legal entity subject to the suit and intended to be served in the first instance. Ewart v. Cunningham, 219 Ala. 399, 122 So. 359; Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871; § 239, Title 7, Code of 1940.

III. The appellant takes the position that the judgment entered on the verdict in the case at bar is fatally inconsistent because the judgment is in favor of each individual member of the partnership while at the same time purporting to be against the partnership of which the individuals are members. According to the appellant it follows that the motion for a new trial should have been granted.

■ It will be recalled that while the verdict was against R. L. Turner Motors, a partnership composed of R. L. Turner and Anna L. Turner, there was no mention in the verdict of the individual defendants. However, where a master and servant are sued jointly, a verdict against the master only is in effect a verdict for the servant. 57 C.J.S., Master and Servant, § 619, p. 423; Begin v. Liederbach Bus Co., 167 Minn. 84, 208 N.W. 546; Ayer v. Chicago, M., St. P. & P. R. Co., 187 Minn. 169, 244 N.W. 681. See Sibley v. Odum, 257 Ala. 292, 58 So.2d 896; Richardson v. Stinson, 211 Ala. 254, 100 So. 209; Handley, Reeves & Co. v. Lawley & Co., 90 Ala. 527, 8 So. 101.

■ It is a settled principle that where the liability of the master is predicated upon the doctrine of respondeat superior a judgment entered on a verdict exonerating the alleged guilty servant also exonerates the master. Walker v. St. Louis-San Francisco R. Co., 214 Ala. 492, 108 So. 388; Waters v. Anthony, 252 Ala. 244, 40 So.2d 316. In the case at bar the partnership was sued and the individuals comprising the partnership were also sued.

The verdict of the jury was against the partnership. In § 139, Title 7, Code of 1940, it is provided that when a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more. In Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385, it was shown that when a tort is committed by two persons acting jointly, the claim against them is joint and several, and it was not necessary to enact the section to which we have referred, to justify a recovery against one of the defendants and not against them both. In other words, even though one of the parties sued in the instant case is a partnership, the plaintiff may recover against one of the defendants and not against the others, and there . is no exoneration unless the rule of respondeat superior applies. Griffin v. Bozeman, 234 Ala. 136, 173 So. 857.

■ The general rules of law applicable to principal and agent are also applicable to partners. United Drug Co. v. Gramling-Belcher Drug Co., 216 Ala. 79, 112 So. 357. But the judgment here against the partnership is not a judgment against the partners personally. Ratchford v. Covington County Stock Co., 172 Ala. 461, 55 So. 806; Woodfin v. Curry, 228 Ala. 436, 153 So. 620. The judgment in the instant case against the partnership affects the individual partner only to the extent of his interest in the partnership property. Ratchford v. Covington County Stock Co., supra; Woodfin v. Curry, supra.

■ Upon a careful consideration of the matter we do not see how it can be said that a judgment against the partnership is a judgment against each individual partner, except in the in rem sense, which we have pointed out. The only way in which the partnership could be held liable in the instant case is for R. L. Turner to be liable individually. He was acquitted by the jury and therefore it follows that the partnership was necessarily exonerated, because it is only through the wrongdoing of R. L. Turner that the partnership can be liable. It is admitted that Mrs. Anna L. Turner personally was in no way a party to the wrongdoing. We accordingly consider that there is a fatal inconsistency in the judgment exonerating R. L. Turner individually and holding the partnership liable. The motion for a new trial should have been granted. Carter v. Franklin, 234 Ala. 116, 173 So. 861.

■ The evidence in this case shows that the alleged tortious conduct charged to R. L. Turner Motors, a partnership, was that of R. L. Turner, who was the managing member of the partnership and who was its alter ego. It is the province of this court, therefore, to assume that the motion made in the circuit court in the name of R. L. Turner Motors, or by its attorney, was by the authority of R. L. Turner. The appeal bond was signed by R. L. Turner. ·For all practical purposes the appeal was taken by R. L. Turner in the name of R. L. Turner Motors. It is therefore within the power of this court to take jurisdiction of R. L. Turner with respect to the judgment of the circuit court, which exonerated him from liability. It is he who is seeking a reversal of the judgment of the circuit court, acting in the name of R. L. Turner Motors, a partnership. It is therefore our province to act upon this appeal with respect to him as a party to the appeal. He is before the court for all practical purposes.

■ If we reverse the judgment of the circuit court which overruled the motion of R. L. Turner Motors to set aside the verdict and judgment against it and let stand the judgment discharging R. L. Turner, the result would be to discharge the partnership also. We think the judgment to the extent that it is in favor of R. L. Turner should also be vacated to do complete justice. See Luquire Ins. Co. v. Parker, 241 Ala. 621, 4 So.2d 259; St. Paul Fire & Marine Ins. Co. v. Johnson, 256 Ala. 690, 57 So.2d 80.

Consequently, the judgment of the circuit court overruling the motion of R. L. Turner Motors to set aside the verdict and judgment against it and for a new trial is reversed and a judgment is here rendered

granting said motion and also setting aside the judgment in favor of R. L. Turner and granting a new trial as to both R. L. Turner Motors and R. L. Turner.

Reversed, rendered and remanded.

All the Justices concur, except CLAYTON, J., not sitting.