# Handley, Reeves & Co. *v.* Lawley & Co.

*Action on Promissory Note signed in Partnership Name.*

1. *Sufficiency of verdict.*—In an action against two persons individually and as partners, one denying by plea the fact of partnership, and the other pleading payment and set-off, a verdict finding "the issue for the plaintiff as against W.", and assessing the damages, is equivalent to a finding in favor of the other defendant, who denied the partnership, and authorizes a judgment in his favor.

2. *Apportionment of costs.*—In an action against two defendants, judgment being rendered in favor of one, and against the other, the costs are properly divided (Code, §§ 2609, 2852), one-half being taxed against the unsuccessful defendant, and the other half against the plaintiff, in favor of the successful defendant.

3. *Burden of proof as to insolvency of maker of note transferred as collateral security.*—When a note or claim transferred to plaintiff as collateral security is pleaded as a set-off, and it is shown that he has recovered a judgment on it, the *onus* is on him to prove the insolvency of the judgment debtor.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

This action was brought by Handley, Reeves & Co., a partnership, against W. W. Lawley and H. M. Abercrombie, individually, and as partners composing the firm of W. W. Lawley & Co.; and was founded on a promissory note for $370.84, to which the name of W. W. Lawley & Co. was signed, and which was payable to plaintiffs. The note was dated January 27th, 1885, and payable on November 15th, 1885; and on it were indorsed two credits, or partial payments—$125, paid November 16th, 1885, and $95, paid November 18th. The defendants jointly pleaded payment and set-off, the latter plea being

founded on certain notes or claims on third persons, alleged to have been transferred to plaintiffs as collateral security, and on which they had recovered judgments before a justice of the peace; and issue was joined on both of these pleas. Abercrombie filed a special plea denying that he was a partner with W. W. Lawley, or had authorized any one to bind him by signing the note; and issue was joined on this plea, which was verified by affidavit. Lawley filed separate pleas of payment, set-off, and accord and satisfaction, relying on the claims transferred as collateral security; and issue was joined on these pleas.

Of the claims transferred as collateral security, on which judgments had been recovered by the plaintiffs before a justice of the peace, the plaintiffs' evidence showed that they had collected $125, of which $40 was paid out as attorney's fees; and they testified that nothing more could be made out of the judgment debtors, they being insolvent, and offered to credit the note with $85 as the amount collected. The defendants' evidence tended to show that $134 had been collected on the transferred claims, and they claimed a set-off for the amount of the judgment recovered on them; and in this connection they asked several charges in writing, instructing the jury, in effect, that they were entitled to a credit or set-off for the full amount of those judgments, unless the plaintiffs had proved to their satisfaction that the judgment debtors were insolvent, and that the *onus* of proving such insolvency was on the plaintiffs. The court gave these charges, and the plaintiffs duly excepted; and they now assign these charges as error, together with the judgment rendered on the verdict, which is set out in the opinion of the court.

BISHOP & WHITSON, and JNO. W. INZER, for appellants, cited *Wittick v. Traun*, 27 Ala. 562–70; *Alexander v. Wheeler*, 69 Ala. 332; *Moody v. Keener*, 7 Porter, 218; *St. Clair v. Caldwell*, 72 Ala. 527; *Coffin v. Jones*, 11 Pick. 147; *Evans v. Richardson*, 76 Ala. 329.

STONE, C. J.—This suit was against Lawley and Abercrombie, suing them as individuals and partners, and seeks to recover on a promissory note signed W. W. Lawley & Co. Abercrombie pleaded *non est factum*, while Lawley relied on other defenses. The verdict of the jury was, "We, the jury, find the issue for the plaintiff, as against W. W. Lawley, and assess the amount at one hundred and seventy-six 42-100 dollars." The court thereupon gave judgment, that Abercrombie go hence, and recover of plaintiffs half the costs of

the suit, and that plaintiffs recover of Lawley the amount found by the jury, and the other half of the costs. The plaintiffs, Handley, Reeves & Co., bring the case to this court by appeal, and contend that the verdict failed to respond to the whole issue, and did not authorize the judgment which the court rendered.

The opinions of the majority of this court in *Wittick v. Traun*, 27 Ala. 562, and in *Traun v. Wittick*, Ib. 570, are relied on in support of the contention, that the verdict in this case did not authorize the judgment rendered. In our opinion, the views of the dissenting justice in those cases are supported by the stronger reasoning, and we concur with him. The issues in this case authorized a separate finding, and we hold that, when the jury found in favor of the plaintiffs against one defendant, and said nothing as to the other, this was equivalent to a finding in favor of that other. *Expressum facit cessare tacitum.* Our ruling is supported by the following authorities: *May v. State*, 55 Ala. 164; *Walker v. State*, 61 Ala. 30; *Nutt v. State*, 63 Ala. 180; *Bedsole v. Peters*, 79 Ala. 133. See, also, *Moody v. Keener*, 7 Ala. 218; *Alexander v. Wheeler*, 69 Ala. 332; *St. Clair v. Caldwell*, 72 Ala. 527.

The Circuit Court did not err in adjudging to Abercrombie his aliquot proportion of the costs.—Code of 1886, §§ 2609, 2852.

There was no error in the charges given.

Affirmed.