# Chattanooga Savings Bank *v.* Tanner.

## *Assumpsit.*

(Decided Nov. 24, 1908. 47 South. 790.)

*Statutes; Constitutionality; Subject and Title.*—The Act of Nov. 30, 1907, (General Acts, 1st Special Session 1907, p. 200), entitled "an act to amend sections 1321 and 1322 of the Code of 1896, as amended by the Act approved March 7, 1907," is not void or in contravention of section 45 of the Constitution of 1901, although it amends only section 1321, and does not suggest any change in section 1322; since the mention of section 1322 in the title is mere surplusage.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Assumpsit by the Chattanooga Savings Bank against A. B. Tanner. From a judgment for defendant, plaintiff appeals. Reversed.

A. C. & W. R. HOWZE and E. J. SMYER, for appellant. The charter of a corporation is a contract, and may not be changed or recalled, unless so specified at the time of its creation, or at the time of its creation the legisla-

[Chattanooga Savings Bank v. Tanner.]

ture had so decreed.—*Sadler v. Langham,* 34 Ala. 311; *Tuscaloosa Assn. v. Green,* 48 Ala. 346; *State v. Tombeckbee Bank,* 2 Stew. 30. The Act of Nov. 1907, is not invalid. The mention of a section not amended or repealed thereby is mere supplusage.—*Judson v. Bessemer,* 87 Ala. 242; *Grandy v. The State,* 86 Ala. 20.

WILLIAM M. WALKER, for appellee. Counsel discusses the various code sections and acts involved in the case, but cites no authority in support of the contention that the Act of November, 1907, is invalid.

SIMPSON, J.—This suit was brought by the appellant against the appellee on a promisory note dated March 16, 1908, payable April 1, 1908. The pleas state that the plaintiff is a foreign corporation, and that it had fully complied with the statutes of Alabama up to January 1, 1907, but had not complied with the act of March 7, 1907 (Acts 1907, p. 422), amending sections 1321 and 1322 of the Code of 1896. Demurres were interposed to the pleas, and the same were overruled, and judgment was rendered in favor of defendant.

Said demurrers set up, among other causes, that under the act of November 30, 1907, said act of March 7, 1907, is not applicable to foreign corporations which were doing business in Alabama at the time of the enactment of said statute. The act of March 7, 1907, amends section 1321 of the Code by providing that no foreign corporation shall engage in or transact any business in the state without paying a fee, according to a schedule therein set forth, proportionate to the amount of capital employed in the state; and amends section 1322 by requiring certain returns to be made, from which such amount may be determined. Acts 1907, p. 422. The act of November 30, 1907 (Gen. Acts Sp. Sess. 1907, p. 200), is entitled, "An act to amend sectons 1321 and

1322 of the Code of 1896, as amended by the act approved March 7th, 1907;" and the only amendment made is to insert in the first part of said section, just before the prohibitive clause, the words "except foreign corpora· tions which qualified in good faith to do business in this state prior to March 7th, 1907," So it is admitted that, if this last act is valid, the appellant corporation was not required to qualify further than it had done under the original sections. The only contention of the appellee on this point is that the title of said act is to amend both sections, while the act in fact amends only one. We have no evidence to show that this was a clerical error by the engrossing clerk. In fact, the amendment is complete in itself, and does not suggest the necessity of any change in section 1322. It seems that the two sections were named merely because they were both amended by the previous act; and that this act is in effect an act to amend the act of March 7, 1907, amending sections 1321 and 1322.

But, however that may be, section 45 of the Constitution of 1901 does not say that the title shall not contain anything that is not in the body of the act, but that the "subject shall be clearly expressed in the title." In other words, there shall not be anything embodied in the act which is not expressed in the title, and the reason of this provision is obvious. Consequently the mention of section 1322 in the title would, at most, be mere surplusage.—*Judson v. City of Bessemer*, 87 Ala. 240, 242, 6 South. 267, 4 L. R. A. 742; *Hawkins, Treas'r, v. Roberts & Son*, 122 Ala. 130, 143, 27 South. 327; *State ex rel. Porter v. Crook, Judge, etc.*, 126 Ala. 600, 615, 28 South. 745. It results that the act of November 30, 1907, is a valid enactment, and that the appellant corporation is not required to comply with the requirements of the act of March 7, 1907.

It is unnecessary to discuss the other points raised.
The judgment of the court is reversed, and the cause
remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., con-
cur.