# Ratchford, *et al.*, *v.* Covington County Stock Co.

## *Assumpsit.*

(Decided May 18, 1911. Rehearing denied June 28, 1911.
55 South. 806.)

1. *Judgment; Action on.*—An action may be maintained upon a judgment.

2. *Partnership; Action Against; Judgment.*—Where an action is brought as authorized by the statute against the partnership in the firm name, by service of process on one of the partners, the judgment is not a personal judgment against the partners, but only firm property may be reached thereby; and the remedy of the judgment creditor is by a suit on the original demand against the partners personally in order to reach them.

3. *Same; Judgment.*—Under section 2503 and 2506 Code 1907, the obligations of partners, whether reduced to judgment or not, are joint and several, and when one is sued the claim against a co-partner is not extinguished, and a judgment against the firm does not extinguish the liability of the partners.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by one Jernigan and others, associated and doing business as the Covington County Stock Company, against W. J. Ratchford and another, late partners in the firm of Dr. A. S. Kilby & Co. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

The complaint is as follows: "Count 1. Plaintiffs claim of defendant the sum of, to wit, $1,493.33, due by judgment against the partnership of Dr. A. S.

[Ratchford, et al., v. Covington County Stock Co.]

Kilby & Co., and A. S. Kilby, a member thereof, rendered by and recovered out of the circuit court of Covington county, Alabama, on the 21st day of May, 1908, together with the interest thereon." The complaint was amended by adding the following: "Count 2. The plaintiffs claim of the defendant the sum of, to wit, $1,493.33, due by judgment against the partnership of Dr. A. S. Kilby & Sons, and A. S. Kilby, a member thereof, rendered by and recovered out of the circuit court of Covington county, Alabama, on the 21st day of May, 1908, together with the interest thereon, and plaintiffs aver that the defendants were members of said partnership, and that said judgment is now due, payable, and unpaid." Count 3 is practically the same as count 2.

The demurrers to the complaint were as follows, after amendment: "(1) Said complaint fails to show or aver that defendants were parties to the action wherein the judgment herein sued on was obtained, or that they were served with process in said action, or that they appeared in person or by counsel in said action, or that judgment was rendered against them in said action. (2) Said complaint fails to show or aver that the judgment herein sued on was rendered against the individuals. (3) It appears from the said complaint in this cause filed that defendants were not parties to the action wherein the judgment herein sued on was obtained, and that judgment was not rendered against them individually. (4) Said complaint does not set out the cause of action on which said judgment is founded. (5) It does not allege the cause of action showing the right to recover against the defendant as an individual."

BARNES & DENSON, and N. D. DENSON, for appellant. This suit cannot be maintained against the individual

[Ratchford, et al., v. Covington County Stock Co.]

members of the partnership upon the judgment that was rendered against the partnership by its common or firm name, the individuals not being made parties to the suit in which the judgment was rendered, and having no knowledge or notice of the suit.—Secs. 2503 and 2506, Code 1907; *DeMott v. Swaim,* 5 S. & P. 293; *Zeigler v. S. & N. R. R. Co.,* 58 Ala. 594; *Wilburn v. McCauley,* 63 Ala. 436. In the cases relied on by appellee the question here involved was not raised. Judgment rendered without the court having acquired jurisdiction of the person against whom it is sought to be enforced, is of no effect as an estoppel, and does not merge the cause of action.—*Marr v. Southwood,* 2 Port. 351; *Exchange Nat. Bank v. Clement,* 109 Ala. 270; *Sulard v. Oil Co.,* 109 Ala. 387; 23 Cyc. 1121. It is also well settled that where judgment is against the partnership rendered on service of one partner, it does not bind the individual, but can reach only firm property. —*Comer v. Reid,* 93 Ala. 391; *Yarborough v. Bush,* 69 Ala. 170; *Wyman v. Stewart,* 42 Ala. 163, and authorities supra. In any event, the judgment was not conclusive against the individual and the court erred in sustaining demurrers to their pleas.—16 John. 66; 4 Denio, 57; 11 Howard, 165; 23 L. Ed. (U. S.) 271.

E. M. OLIVER, and ALLEN CRENSHAW, for appellee. The judgment rendered against the partnership, after maturity, was final and conclusive of the rights and determines the validity or legality of the demand against such partnership and of the individual partner, and such judgment is a good foundation for a new action against which defenses existing prior to the judgment cannot be set up.—*Cook v. Parham,* 63 Ala. 456; *Mervin v. Parker,* 18 Ala. 241; *Burt v. Hughes,* 11 Ala. 571; *DeSilver v. Henry,* 3 Port. 132; *Cox v. Harris,* 48 Ala.

538; *Sims v. Herzfeld,* 95 Ala. 145. It follows therefore that the court was not in error in overruling demurrers to the complaint, nor in sustaining demurrers to the plea.

SAYRE, J.—This is an action of debt on a judgment. The defendants (appellants) are described as "W. J. Ratchford and A. H. Singer, late partners in the firm of Dr. A. S. Kilby & Co., a partnership." The debt is averred to be due by judgment against the partnership of Dr. A. S. Kilby & Co., and A. S. Kilby, a member thereof, recovered in the circuit court of Covington county, and it is averred that the defendants were members of said partnership. It will be observed that there is no averment that the judgment sued upon was rendered against these defendants personally, that any process was served upon these defendants, or that they took any part whatever in the defense of that suit. The trial court overruled a demurrer to the complaint, and this ruling is assigned for error.

An independent suit may be maintained upon a judgment. Under our statute suit on a partnership obligation may be maintained against the partnership in its firm or common name, service of process being had upon one or more of the partners. But it has been repeatedly decided by this court that the judgment recovered at the end of such a suit is not a personal judgment against the individuals composing the partnership, that the individual property of the members of the firm cannot be reached by execution, or any other process, sued out for the collection of the judgment, and that only the partnership property can be reached by such suit. "These are much more the properties of a proceeding in rem, than of a suit in personam."— *Comer v. Reid,* 93 Ala. 391, 9 South. 620, and authori-

ties there cited. The validity of this statute as accomplishing the purpose and effect stated upon its face has not been doubted; but it is in derogation of the common law, and it is not to be presumed that the Legislature intended to make any further innovation than the language requires. Certainly, it cannot be given a con‑ struction which would result in an invasion of fundamental principles of law and justice. It is an universal principle that judgments purporting to be rendered against parties who have not been served with notice, or who do not intervene for the assertion of rights, have no binding force upon them personally. No one can be bound personally until he has had his day in court—an opportunity to be heard.

We had at one time a statute which provided that, when a writ had issued against all the partners of any firm, service on any one of them was deemed equivalent to service on all, and the judgment should be equally valid and effectual against all the defendants.—Clay's Dig. 328, § 63. In *Demott v. Swaim,* 5 Stew. & P. 293, this court indicated very clearly that, in a case calling for a decision of the question, it would hold the statute to be unconstitutional. It had been so ruled in respect to a similar statute in the state of New York. And in the preparation of the Code of 1852, the commissioners, deferring no doubt to what had been said in *Demott v. Swaim,* gave the statute its present shape. Since one partner may, in virtue of his agency for the others, dispose of the partnership property, no reason is perceived why the statute may not make a judgment, based upon service on one, binding upon the common property. And this is all the statute under consideration undertakes to do. We are not inclined to approve the proposition that a judgment, binding under the statute upon the common property of a partnership only, may

30—172

by a suit upon it be given an effect in personam. We cannot yield assent to the theory that a judgment had at the end of a suit upon a judgment may mean more, and bind other persons than the judgment sued upon. In this suit, which has no other purpose than to recover a judgment which shall be binding upon the defendants personally, the judgment rendered in the circuit court of Covington is not evidence, prima facie or conclusive, of a partnership liability, and the averment of that judgment in the complaint here, though coupled with an averment that the defendants here were members of the partnership there sued by its common name fails to state a cause of action against these defendants personally. Plaintiff's remedy against these defendants personally is by a suit on the original demand. It is clear that no original demand is well stated in the complaint. In this conclusion we are sustained by well-considered cases which have adjudicated the question of principle involved.—*Oakley v. Aspinwall* 4 N. Y. 514; *Mervin v. Kumbel* 23 Wend. (N. Y.) 293; *Bonesteel v. Todd,* 9 Mich. 371, 80 Am. Dec. 90; *D'Arcy v. Ketchum,* 11 How. 165, 13 L. Ed. 648; *Mason v. Eldred,* 6 Wall. 231, 18 L. Ed. 783.

Appellee relies upon the cases of *Cox v. Harris,* 48 Ala. 538, and *Sims v. Herzfeld,* 95 Ala. 145, 10 South. 227. To refer first to the case last mentioned, we do not consider that it is an authority for the appellee's position. Rather, the court seems to have been careful to avoid committing itself by any sort of implication to the view here advanced by appellee, for it prefaced its opinion with the observation that the defendant in that case had not, either by his demurrers or by his pleas, raised the question as to his individual liability upon a judgment against his firm alone. The court, permitting the parties to form their own issues and to try the

cause in their own way, ruled only that, as for any objection taken, the judgment was free from error.   Nor is it at all clear that in *Cox v. Harris* the court had under consideration the exact question here presented for decision.   The report of the case states that the defendant in that case insisted in this court that his individual liability as a member of the firm, against which the judgment sued on had been recovered, could not be enforced by suit against him.   In the opinion there is no statement of the question raised by the demurrer in this case, nor is there any reference to those cases in which the question had been elaborately argued and which we have already cited.   The indication is that defendant's insistance in that case, made for the first time in this court, was that his individual liability for the partnership debts had been merged in the judgment against the partnership in its common name, and that thus the right of action against the individual partners had been extinguished.   If that was the view urged upon the court, it was properly disposed of by reference to section 2539 of the Revised Code, now section 2503 of the Code of 1907, providing that when two or more are jointly bound by judgment, the obligation is in law severable as well as joint.   The same result would have followed from the last clause of section 2506 which provides that any one or more of the associates, or his legal representatives, may be sued for the obligation of all. At the common law the obligation of copartners was so far several that if a partner was sued alone and failed to plead in abatement the nonjoinder of his copartners, a recovery might be had against him for the whole amount, and a joint judgment might be enforced against the property of each.—*Mason v. Eldred, supra.* The doctrine of merger is that "the judgment being a higher order of security than a simple obligation, the

entire cause of action is merged in the judgment."— *Fleming v. Ross,* 225 Ill. 149, 80 N. E. 92; s. c. 8 Am. & Eng. Ann. Cas. 314. The result was that a judgment against one partner extinguished the liability of his copartners. But the obligation of copartners was joint, and in a suit on a partnership obligation it was necessary to bring in all copartners except where there was a personal defense. To meet the inconveniences of this state of the law the statutes to which we have referred were enacted. By them the obligation of partners, whether reduced to judgment or not, are made several as well as joint, so that when one is sued the doctrine of merger does not operate as an extinguishment of the claim against another. The statute having made a partnership suable by its common name, thus permitting the partnership property to be treated as the sole party defendant to the record, there seems to be no reason why such party should not be put upon the same footing as respects the doctrine of merger as the individual partners. So considered, the doctrine had no operation in *Cox v. Harris,* nor do we see that it has any here. It seems probable, therefore, that it was not intended in *Cox v. Harris* to hold anything to the contrary of the view we have taken. If, however, the decision there is to be taken as sustaining the contention of appellee in this case, we think fundamental considerations of justice stand in the way, and we are not disposed to follow it. Indeed, a majority of the judges think it needs to be overruled outright.

The demurrer to the complaint should have been sustained.

Reversed and remanded. All the Justices concur.