# Wahouma Drug Co. *v.* Clay.

*Assumpsit.*

(Decided April 15, 1915.  Rehearing denied May 24, 1915.
69 South. 82.)

1. *Principal and Agent; Compensation; Action.*—The evidence examined and held to warrant a finding that the buyer was liable for the full amount in suit as it had been agreed between the seller and the agent that the buyer should pay the agent's commissions directly to him, instead of charging such commissions on the purchase price, and having the seller pay the commissions.

2. *Partnership; Actions Against.*—Under section 2506, Code 1907, a verdict against the Wahouma Drug Company was sufficient where the pleading did not disclose whether the concern was a partnership or corporation, the name importing a partnership, and the statute authorizing suit against the partners in the firm name.

3. *Pleading; Instructions.*—Where the pleas were in short by consent with leave to give in evidence any testimony material to the issues, the only issues raised were those raised by a general traverse, and the defendant could not rely on fraud or the statute of frauds, as these matters must be specially pleaded.

4. *Appeal and Error; Record; What Governs.*—Where the judgment entry defines or by necessary effect confines the issues on which the trial was had, its recitals are conclusive, and such recitals cannot be contradicted by bill of exceptions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. Crow.

Action by J. W. Clay against the Wahouma Drug Company, begun in an inferior court, and appealed to the circuit court. From a judgment there for plaintiff, defendant appeals. Affirmed.

Transferred from the Court of Appeals under section 6, Acts 1911, p. 450.

[Wahouma Drug Co. v. Clay.]

The facts sufficiently appear from the opinion of the court. The judgment entry recites that defendant pleads in short by consent, with leave to give in evidence any testimony material to the issue, and issue being joined thereupon, etc. It is further ordered and adjudged by the court that paintiff have and recover of defendant, Wahouma Drug Company, and the sureties on its appeal bond therein (naming them), the said sum of $100, that being the amount of plaintiff's debt and damages assessed by the jury. Certain pleas appear in the record, as filed by defendant, it not being necessary to here set them out, which include the allegations of fraud, and also the statute of frauds.

BURGIN, JENKINS & BROWN, for appellant.

STERLING A. WOOD, for appellee.

McCLELLAN, J.—The plaintiff (appellee) was the general sales agent of the Quincy Showcase Works. He sold the defendant (appellant) some store furnishings at the aggregate price of $922, with freight to be deducted from the price. The agreement was reduced to writing, and three carbon copies were made. It was dated September 28, 1912. The copy going to the selling company was made to show a selling price of $822, the $100 difference being the part of the aggregate purchase price going to the sales agent (plaintiff), in this record called "commissions." On October 1, 1912, the following was subscribed by the plaintiff and the defendant: "It is understood between J. W. Clay and Wahouma Drug Company, that J. W. Clay is to receive his commission of $100 from the Wahouma Drug Company, and the bill of Quincy Showcase Works will be $100 less than order price, or $822, making $922 total".

[Wahouma Drug Co. v. Clay.]

(1) There is testimony to the effect that the plaintiff could sell the selling company's products at or above a stipulated price; that he was assured by the selling company a percentage of the minimum price when that much was actually paid by a buyer; and that the sales agent (plaintiff) might sell for as much above that sum as he could negotiate, which excess belonged to the sales agent, and not to the selling company. The evidence seems clearly to justify a finding that the sum mentioned in the quoted statement was of the excess above the minimum price for this furniture. The selling company only claimed the price to be $822, and expressly disavowed any right to the $100 difference indicated. This action is to recover the sum named in the paper quoted. It is stated in three common counts and two counts declaring on that instrument, and we may here say that manifestly the paper of October 1st had reference to and was of the transacation, sale, evidenced by the instrument of September 28, 1912.

(2) The suit is, and the process issued, against the "Wahouma Drug Company." It is not stated in the pleading whether it was or is a partnership or a corporation. The judgment of the inferior court in favor of the plaintiff did not recite the character of the entity, whether firm or corporation. The appeal bond does not make any reference to the character, in this respect, of the drug company. The judgment of the circuit court, from which this appeal is taken, is against the drug company and the sureties on the appeal bond. The name by which the defendant is sued, and against which the judgment concludes, imports a partnership. —*Birmingham L. & A. Co. v. Bank,* 100 Ala. 249, 251, 13 South. 945, 46 Am. St. Rep. 45. Such entities may be sued by the name.—Code, § 2506. There is no fault

on the face of the judgment, or imperfection predicable of the verdict's form or substance.

(3) Besides the general issue, there are in the record what purport to be three special pleas unsigned by an attorney; but these do not appear to have been filed in the cause. The judgment entry recites: "Defendant pleads in short by consent with leave to give in evidence any testimony material to the issue, and issue being joined"—followed by verdict for the plaintiff, etc. This pleading did not effect to render serviceable in defense of the action matter that must, generally, be specially pleaded; such as fraud or the statute of frauds. If the recital had made general mention of special matter of defense, a different question would be presented. Here the leave was to give in evidence testimony maternal "to the issue." The only issue possible, outside of an issue or issues on matter specially pleadable unless there was pleading in short by consent of such special matter, was the issue or issues made on the averments of the counts, viz., the result of a general traverse. Hence it must be ruled that neither fraud nor the statute of frauds were issues on the trial.

There was evidence tending, if credited, to justify the verdict on the issues thus made. It was not error to give the general affirmative charge for the defendant, nor to overrule the motion for a new trial.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

· ON REHEARING.

McCLELLAN, J.—(4) Upon further reflection, to which the applicant for rehearing urges the court, the

court is confirmed in its conclusion that the judgment entry's quoted recital confined the issues tried to those, only, made by a general traverse of the several counts of the complaint. The recitals of the judgment entry are conclusive where they define, or by necessary effect confine, the issues on which the trial was had.— *Providence Ins. Society v. Pruett,* 157 Ala. 504, 546, 547, 47 South. 1019, and cases therein cited; *N. C. & St. L. Ry. Co. v. Hammond,* 104 Ala. 191, 198, 15 South. 935. The bill of exceptions cannot be allowed to contradict the recitals of such a judgment entry. And this rule does not, of course, conflict with the rule thus set forth in *N. C. & St. L. Ry. Co. v. Hammond,* 104 Ala. at page 198 15 South. at page 938: "Where it is perfectly clear from the entire transcript that the case was tried upon other issues than that of the general issue, although the pleadings did not show them, this court has reviewed the rulings of the primary court growing out of such issue."

The recitals of this judgment entry manifestly exclude any issue or joinder in issue upon matters of defense that must have been specially pleaded unless waived, which does not appear to have been done. The ruling we make, of which applicant complains, is not at all based upon a narrow, strained, and ultra-technical construction of the judgment entry. The considerations underlying the ruling here made, in accord with many previous decisions of this court, consist with the presumption against prejudicial error in the judgment appealed from, and also tend to conserve the orderly, rational administration of the law on appeals. The point of the ruling under review was expressly, plainly taken and urged on pages 2 and 4 of brief filed with this court for appellee.

The application for rehearing must be denied.