(114 So. 422)

KELLER v. RAY MOTOR CO.   (6 Div. 47.)

Court of Appeals of Alabama.   Nov. 8, 1927.

J. Foy Guin, of Russellville, for appellant.

Fred Jones, of Hamilton, for appellee.

Brief did not reach the Reporter.

SAMFORD, J. ▮▮ Appellant insists that the judgment in the circuit court is void, for that the claim bond as filed in that court described the claimant as Ray Motor Company, without designating such claimant either as a partnership or a corporation, and the judgment rendered follows the claim bond in designating the claimant. If this were so, it would follow that this appeal would be dismissed. A void judgment will not support an appeal. 1 Mitch. Dig. 324, par. 112. The appellant will hardly insist further upon this contention. Even so, the contention could not be sustained; there being no appropriate motion invoking the ruling of this court.

▮ A claim suit instituted under section 10375 et seq. of the Code of 1923 is made up by the affirmation of the plaintiff that the property levied on is that of the defendant and subject to the process levied upon it and a denial of that fact by the claimant. These proceedings may not be embarrassed by formal pleadings. Warren v. Liddell, 110 Ala. 232, 20 So. 89. In a sense, therefore, the claimant becomes the defendant in the trial, and a judgment rendered against it would be good as against partnership assets. Code 1923, § 5722; Wahouma Drug Co. v. Clay, 193 Ala. 79, 69 So. 82. The judgment in this case having been in favor of the claimant, and the trial having been had without objection on the part of plaintiff in the circuit court to the claim bond as filed by claimant at a time when the defect could have been remedied, the objection comes too late on appeal and is held to have been waived. Moore v. Watts & Sons, 81 Ala. 261, 2 So. 278; Ortez v. Jewett, 23 Ala. 662.

▮ It requires no citation of authority in announcing the general rule that an infant's contract is not void, but voidable at his election. That being the case, when Albert, the minor son of C. E. Oliver, the defendant in execution, sold the automobile to claimant, the contract became binding subject to repudiation by Albert, provided that, at the time of sale, Albert was the owner. The foregoing is admittedly the law, or is too clear to admit of controversy. But appellant contends that Albert was a minor, living with his father, C. E. Oliver, as a member of his family, had not been emancipated, and that therefore the earnings of Albert and the proceeds thereof became the property of the parent and subject to the payment of his debts. It has been held that the earnings of an infant, who has not been emancipated by his father, may be subject to the payment of the father's debts. Donegan v. Davis, 66 Ala. 362. But it is also held that a father may permit his infant child to leave the parental homestead and labor for his own benefit, and, where this is done, the infant becomes the sole owner of his earnings. Lyon v. Bolling, 14 Ala. 753, 48 Am. Dec. 22. The question of emancipation is one of fact for the determination of the jury, or, as in this case, the judge sitting as a jury. Donegan v. Davis, supra.

The plaintiff's judgment and lien ran against C. E. Oliver and his property. The claimant acquired title from Albert Oliver, the son of C. E. The finding of the court is general. It will therefore not be necessary to enter into a consideration of questions going to the priorities arising by reason of any lien which plaintiff might have had as against the property of C. E. Oliver.

We find no error in the record, and the judgment is affirmed.

Affirmed.