(136 So. 849)
## INLAND WATERWAYS CORPORATION et al. v. SLOSS SHEFFIELD STEEL & IRON CO.
### 6 Div. 946.

Supreme Court of Alabama.
Oct. 8, 1931.

Luther B. Bewley, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

Cabaniss & Johnston, of Birmingham, for appellant Inland Waterways Corporation.

Stokely, Scrivner Dominick & Smith, of Birmingham, for appellant Southern Ry. Co.

**ANDERSON, C. J.**

Counsel contend that the trial court erred in not sustaining the demurrer to the complaint, because one of the counts claimed against the Southern Railway alone, while the other four counts were against the two appellants jointly. It is sufficient to say that, whether this was or was not a fatal defect, it was not specifically pointed out by demurrer. The only grounds of demurrer bearing on the question are 20 and 21, and which are too general. Central of Georgia Railway Co. v. Joseph, 125 Ala. 313, 28 So. 35.

The plaintiff shipped through the Southern Railway a shipment or shipments of eight cars of pig iron. Four cars contained the pigs marked with "red" dots, and the other four marked "white" dots for the purpose of classification. The defendant issued two separate and distinct bills of lading, one for the four cars dotted "red," and one for the four cars marked "white," therein designating the marks as to the respective shipments and thus, in effect, treating the four cars containing the iron marked red as one shipment, and the four marked white as another. This was, in effect, an undertaking upon the part of said Southern Railway to carry and deliver the shipments separately, and to not permit a confusion or commingling of the articles so shipped while in transit. If the articles were so commingled and confused before delivery as to entail a reasonable expense for assortment, the initial carrier would be answerable whether the commingling occurred upon its line or a connecting one, so there can be no question as to the liability of the Southern Railway.

The plaintiff, however, has sued the Inland Waterways Corporation jointly with the railroad, upon the theory that the injury or damage occurred on its line and, being a connecting carrier, it was bound by the contractual obligation of the initial carrier, the Southern Railway. It seems well settled by the decisions of the United States Supreme Court, in construing the Carmack Amendment (49 USCA § 20) and of our court, in construing our statutes, sections 10043–10045 of the Code of 1923, making the Carmack Amendment applicable to intrastate shipments, that the connecting carrier is bound by the valid terms of the original bill of lading; and the connecting lines become, in effect, mere agents whose duty it is to forward the goods under the terms of the contract made by the principal, the initial carrier. Louisville & N. R. Co. v. Strickland, 219 Ala. 581, 122 So. 693; Missouri, Kan. & Texas R. Co. v. Ward, 244 U. S. 383, 37 S. Ct. 617, 61 L. Ed. 1213; Texas & P. R. Co. v. Leatherwood, 250 U. S. 478, 39 S. Ct. 517, 63 L. Ed. 1096. Therefore, it would seem that as between this shipper and the Inland Waterways Corporation the latter undertook to perform the obligation of the Southern Railway as per the terms of the bill of lading, whether receiving special instructions from the railroad or not. Though, as between the two carriers, it might be a good defense that the railroad failed to apprise the Inland Corporation, by the waybill or otherwise, of its obligation to keep the iron separate and to prevent a commingling of same.

We do not think, however, that the fixation of a joint liability and the right to sue the carriers jointly would authorize a judgment against a connecting carrier for something that did not occur on its line. The initial carrier is liable throughout, but the connecting carrier, while assuming the same obligations as the initial one as to the terms and conditions of the shipment so long as it handles the same, cannot be held liable for breaches or torts not happening upon its line. In other words, if the iron was not commingled when handled by the Inland Corporation, it would not be liable, and the trial court erred in so much of its oral charge that instructed to the contrary, and in refusing the Inland Corporation's requested charge 6. Nor can this ruling be excused upon the theory that the undisputed evidence showed that the commingling occurred when in the hands of the Inland Corporation. The weight of the evidence may have been to this effect, but there was sufficient evidence to make this question one of fact for the jury. Cooper testified that the iron was mixed when the barge reached Mobile, but McCormick, the then foreman of the Inland Corporation, testified to a separation of the iron in loading the barge, and showed that it was loaded in such a manner as to create a reasonable inference for the jury that it did not become commingled while in transit.

There is no merit in the contention that this action cannot be maintained by the consignor holder of the bill of lading, but only by the consignee. Section 10043 of the Code of 1923, Louisville & N. R. Co. v. Strickland, supra; Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

400

The trial court did not commit reversible error in ruling upon the evidence of the witness Taylor, as to the amount paid for assorting the iron upon final destination. The defendant would only be liable for the reasonable cost or value for doing so, regardless of what was·paid, and the witness further testified, as an independent fact, that the amount so paid, $201.60, was fair and reasonable.

We find no reversible error in the rulings of the trial court as to the Southern Railway Company, and the judgment against this defendant is affirmed. For the errors pointed out as to the Inland Corporation, the judgment against said defendant is reversed, and, as to it, is remanded. Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Tullis v. Blue, 216 Ala. 577, 114 So. 185.

Affirmed in part, and reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.