153 So. 620

## WOODFIN et al. v. CURRY.
### 8 Div. 574.

Supreme Court of Alabama.
March 8, 1934.

Rehearing Denied April 5, 1934.

W. H. Mitchell, of Florence, for appellants.

Lee Glenn, of Florence, for appellee.

Brief did not reach the Reporter.

FOSTER, Justice.

This is an action for the breach of an alleged contract between plaintiff, appellee, and the partnership of Woodfin & Co., composed of S. V. Woodfin and R. W. Woodfin. These defendants were nonresidents of Alabama, but the partnership was doing business at Florence, Ala., by an agent, one Perry, who was also sued, but later was stricken as a party. The suit was against the partnership as such, and the individual partners.

No service was had on the partners, but the summons and complaint was served on Perry as agent for the partnership, and for the individuals composing it. Each of them, both as individuals and as a partnership, pleaded in abatement and moved to quash the service because of their nonresidence, since there had been no personal service. The court ruled against that contention. The defendants made no further appearance or pleading, and judgment was rendered against them as individuals and against the partnership on the verdict of a jury. They all prosecute this appeal, and each separately, with leave of the court, assigns errors.

■ Section 9422, Code, provides, without quoting it, for suit against a nonresident person or partnership, the members of which are all nonresidents, but having a place of business in this state; and for the suit to be against them in the usual and ordinary name which such person or partnership has assumed and uses in Alabama, and that service may be made upon the agent in this state who acted for defendant in the subject-matter of the suit. Section 9419, Code, provides that the summons in suits must be served on the defendant, by leaving a copy with him. Section 5722, Code, provides that a partnership as such may be sued, and service made upon one or more of the partners. Section 9422, Code, provides for service upon the agent of a nonresident person as well as a partnership, who may conduct a business in Alabama by a suit against him in the name in which such business is conducted. We are clear that such form of attempted service is ineffectual to support a personal judgment against him. It does not authorize service in that manner against a nonresident member of a partnership—such as appears in this suit—and would be clearly ineffectual if it did. But its purpose is evidently to justify a suit against a nonresident individual who is conducting a business by agent in Alabama in his trade-name, as well as against a partnership.

A nonresident may own property in Alabama, and conduct business here, by agent; but no personal judgment may be rendered against him without personal service.

The same situation is true when the effort by suit is to obtain a personal judgment against the nonresident members of a partnership. Flexner v. Farson, 248 U. S. 289, 39 S. Ct. 97, 63 L. Ed. 250; Long v. Clark, 201 Ala. 454, 78 So. 832.

■ A suit against a partnership in name, with no effort to obtain judgment against the members, was not authorized at common law, since it was not treated as an entity separate from the individual partners. By virtue of the statute in Alabama, it is a distinct entity for the purpose of being sued. When sued in that manner, the judgment affects partnership effects only, and binds the separate property of the partners and their personal rights in no respect. Williams v. Wilson, 205 Ala. 119, 87 So. 549. It cannot be made the basis of a suit against the partners, but they must be sued, if at all, on the original demand. Ratchford v. Covington County Stock Co., 172 Ala. 461, 55 So. 806.

■ The proceeding need not show whether the defendant is a partnership or a corporation, if the name imports a partnership. Reuf v. Fulks, 219 Ala. 252, 122 So. 14; Wahouma Drug Co. v. Clay, 193 Ala. 79, 69 So. 82; Keller v. Ray Motor Co., 22 Ala. App. 252, 114 So. 422. An amendment which changes the designation from one to the other is not a change of parties, and if a partner dies pending suit, or is non sui juris, the judgment and proceedings are not affected. Ewart v. Cunningham, 219 Ala. 399, 122 So. 359. And when an individual does business in a trade-name, which imports a partnership, suit may be maintained and judgment rendered against such purported partnership. As in other cases against a partnership in its name only, execution would be leviable only on such property as is devoted to that enterprise, and whose title is in the trade name. It is said to be in the nature of a proceeding in rem. Birmingham L. & A. Co. v. First Nat. Bk., 100 Ala. 249, 13 So. 945, 46 Am. St. Rep 45; LeGrand v. Eufaula Nat. Bk., 81 Ala. 123, 1 So. 460, 60 Am. Rep. 140; Yarbrough v. Bush, 69 Ala. 170; Comer v. Reid, 93 Ala. 391, 393, 9 So. 620.

■ Constructive service is sufficient to justify a judgment when the proceeding is in rem, or is of that nature. 50 C. J. 503; Exchange Nat. Bk. v. Clement, 109 Ala. 270, 19 So. 814; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41, 42 (9); Quill v. Carolina-Portland Cement Co., 220 Ala. 134, 124 So. 305.

■ Sections 5722, 9419, and 9422, Code, all provide for a manner of making service. Each is as effectual as the other within the sphere of its operation to the extent that it affords due process. The fact that section 5722 provides for service on a partner of a partnership, when sued in its trade-name, is limited by section 9422, that such service may be upon certain agents in Alabama, when all the partners are nonresidents, and when thereby no service on a partner is available, but it is doing business by agent at some place in Alabama. And so the personal service provided in section 9419 is subject to the same limitation. Each is in harmony with the other. None of them are constitutional requirements which are exclusive of other legislative provisions. But all are limited by the constitutional right of due process, and are effectual if sufficient when thus weighed. Due process is not afforded by any notice except personal service in Alabama, to support a personal judgment. Flexner v. Farson, supra; Long v. Clark, supra.

■ If the partnership here sued did not have a place of business, conducted by agent

in Alabama, the same situation would be shown as existed in Long v. Clark, supra. No such fact was alleged in that case. Section 9422 does not apply to the facts of that case. But service provided for in that section is sufficient for a judgment in rem, or in one of that nature.

There is nothing in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, or in Flexner v. Farson, supra, or in our own or other cases, which hold to the contrary.

We think therefore that the judgment was not erroneously rendered against Woodfin & Company, which imports a partnership, and is alleged to be one doing business by agent at a place in Alabama, and subject to the laws of Alabama applicable to it which afford due process. But it is erroneous as against S. V. and R. W. Woodfin, personally.

■ Under such circumstances the practice has been sustained in this state to reverse and remand as to some and affirm as to others. Tullis v. Blue, 216 Ala. 577, 114 So. 185; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Inland Waterways Corporation v. Sloss-Sheffield S. & I. Co., 223 Ala. 397, 136 So. 849.

Accordingly, the judgment against S. V. Woodfin and R. W. Woodfin is reversed, and the cause remanded as to them; and affirmed as against the partnership of Woodfin & Co.

Reversed and remanded in part, and affirmed in part.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.