### 40100. LOSITO v. GINGO.

RUSSELL, Judge. 1. In Georgia, a judgment against a partnership binds the partnership property and also the individual property of any partners who by proper service are made parties defendant in the action, *Code* § 75-312, but does not bind the individual property of partners not served.

2. The latter part of this rule applies in Alabama also. "A partnership may be sued in Alabama in the partnership name. The judgment binds the partnership property only and not the property of the individuals composing the partnership. Alabama Code 1940, Title 7, § 141; Woodfin et al. v. Curry, 228 Ala. 436, 153 So. 620." Chero-Cola Bottling Co., Andalusia, Ala. v. Watford, 31 Ala. App. 493 (19 S2d 77). "It is asserted that a legislature cannot validly provide for the entry of a personal judgment against a member of a partnership not personally served with process. Ratchford v. Covington County Stock Co., 172 Ala. 461, 55 So. 806; Woodfin v. Curry, 228 Ala. 436, 153 So. 620." 100 ALR, Anno., pp. 997, 1001. See also First Nat. Bank of Abbeville v. Capps, 208 Ala. 207 (94 S 109).

3. In the present case the defendant in error Gingo sued out an attachment in Alabama against Joseph Losito, Harry Gregory, and Southern Communications Specialist Co. (which in Alabama imports a partnership; see Chero-Cola Bottling Co., Andalusia, Ala. v. Watford, supra). Following returns of non est inventus as to the individual defendants, the plaintiff dismissed them as parties defendant and eventually obtained a default judgment against Southern Communications Spe-

cialist Co. Thereafter a suit on this judgment was brought by Gingo in the Civil Court of Fulton County against Southern Communications, Joseph Losito, Jr. and Robert E. Wingate, the petition alleging that the company was a partnership composed of the two named individual defendants as partners. Losito demurred on the ground that the pleaded judgment was not a judgment against him as an individual but against Communications Specialist Company, which the record shows to be true. The plaintiff's contention is that that portion of the Alabama Code 1940, Title 7, § 141, which he pleaded and which states: "Two or more persons associated together as partners in any business or pursuit, who transact business under a common name, whether it comprise the names of such persons or not, may be sued by their common name, and the summons in such case being served on one or more of the associates, the judgment in the action binds the joint property of all the associates in the same manner as if all had been named defendants" constitutes a declaration of Alabama law to the effect that a judgment against a partnership may be levied upon the individual property of any partner although not served and made a party defendant in the original suit. As seen above, this is not the law in either Georgia or Alabama.

It follows that the trial court erred in overruling the general demurrers of Losito and in refusing to dismiss him as a party defendant.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED MAY 24, 1963.

*Thomas A. Moran*, for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Robert A. Elsner*, contra.