## 39151. FISKE v. KINGS POINT CONDOMINIUM ASSOCIATION, INC. et al.

SMITH, Justice.

This is an appeal from an order of the Superior Court of Rabun County holding appellant Fiske in contempt of a previous order of the

court. We reverse.

The appellee association is comprised of certain owners of condominiums located within Kingwood Country Club and Resort. The appellant is a general partner of a limited partnership which owns Kingwood and the water and sewer systems which serve it. A dispute arose between these parties as to fees and assessments alleged by the appellee to be in excess of those called for by a prior agreement. In anticipation of a retaliatory cut-off of water and sewer services to Kingwood, appellees won a temporary injunction restraining the partnership from taking any steps toward shutting down the water and sewage system serving the association and others who had intervened as plaintiffs, including one John Thornton. In a modification and construction of the injunctive order, the court added a provision that "defendant must do everything in its power to keep the existing water and sewer systems serving [the association] . . . and the land owners and homeowners in operation. Any failure of the defendant to do everything in its power to keep such systems operating shall constitute a violation of the temporary restraining order of this court."

Thornton filed his application for contempt in May 1982, alleging that his water had been willfully cut off until sometime after the application for contempt was filed. In July 1982, the court found Fiske to be in contempt of the court's previous order and ordered him to spend 20 days in jail and to pay a fine of $200. The court further held that he could purge the contempt by paying the fine, expenses incurred by Thornton, attorney fees, and by spending 24 hours in the county jail.

1. In his first enumeration of error, Fiske challenges the jurisdiction of the trial court. He asserts that he was neither individually named in the motion for contempt nor served with notice of the proceedings in which he was ultimately held to be in contempt.

The motion for contempt named "Julius Fiske, Trustee, Johnson Trust, Richard Turner, Edwin L. Shelton, Kingwood Associates, Ltd.," as defendants. Service was made on Fiske's attorney but not on Fiske personally. The original complaint was styled as above and was served on Fiske individually. He concedes that he was one of three general partners bound by the temporary injunction. Thus he was aware of a continuing obligation to maintain water service in compliance with the terms of the order. OCGA § 14-8-70 (Code Ann. § 75-312); *Losito v. Gingo,* 107 Ga. App. 840 (131 SE2d 780) (1963). Under these circumstances we find that it was proper to serve Fiske's attorney with notice of the motion for contempt of the previous order. OCGA § 9-11-5 (b) (Code Ann. §

546

81A-105).

2. Fiske next argues that the water system was not shut down and that he did not violate the injunction. He asserts as error the trial court's ruling that evidence of why Thornton's water had been turned off was immaterial. He contends that a fountain on Thornton's property affected the water system and that Thornton refused to install a circulating pump to ameliorate that effect. Fiske attempted to call the engineer in charge of the Kingwood water system to testify as to this need. The trial court refused to hear or consider this evidence. Fiske submits that under the circumstances, a temporary interruption of service to Thornton may have been necessary in order to maintain the operation of the remainder of the system.

We agree that it was error to refuse to hear evidence of the effect of the Thornton fountain. The injunction would not be violated by temporarily discontinuing service to only one patron.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1983.

*Sutton & English, Frank Sutton,* for appellant.
*John A. Dickerson, John M. Brown,* for appellees.