EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a personal injury case.
Mr. Davis’ complaint sought damages from defendants based upon negligence and wantonness. A light fixture fell from the ceiling of the plaintiff’s employer’s plant, and the plaintiff alleged that it struck and injured him. A jury trial ensued. Under the evidence, the defendants were not joint tort-feasors, but their liability, if any, was separate and several in nature. The case was submitted to the jury upon both negligence and wantonness as to the defendant Alabaster Electric Company and one individual defendant, but only upon wantonness as to the other two defendants. The only verdict of the jury was: “We the jury find for the plaintiff and against Alabaster Elec. Co. for negligence and assess the Damages at $2,000.00.”
The plaintiff appealed and raises as the sole issue for our decision the sufficiency of the jury’s verdict in view of the fact that there were three other defendants who were not mentioned in the verdict of the jury.
Intendments are indulged in favor of an ambiguous verdict where its language can be reasonably interpreted by reference to the pleadings and jury instructions. “The real question is whether the verdict was hopelessly defective thereby affording no proper basis for a judgment.” (Citations omitted.) Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala.Civ.App.1979). In view of the pleadings, evidence and instructions of the trial court and a colloquy between the trial court and the jury, the clear import of the verdict was a finding in favor of the plaintiff and against the defendant, Alabaster Electric Company, for negligence in the assessed damages amount of $2,000.00, and an implied finding in favor of all other defendants. The verdict was adequate to provide a proper basis for a judgment to that effect.
An even stronger precedent for upholding the verdict is found in Handley v. Lawley, 90 Ala. 527, 8 So. 101 (1890), where two defendants were sued upon a note and the only jury verdict was in favor of the plaintiffs and against only one defendant, the other defendant not being named or designated in the verdict. Therein the supreme court determined that, “The issues in this case authorized a separate finding, and we hold that, when the jury found in favor of the plaintiffs against one defendant, and said nothing as to the other, this was equivalent to a finding in favor of that other.” 90 Ala. at 529, 8 So. at 101. For a more recent case, see Alabama Equity Corporation v. Hall, 46 Ala.App. 143, 239 So.2d 215, cert. denied, 286 Ala. 731, 239 So.2d 220 (1970).
The verdict was sufficient. We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.