Duncan, Inc., the plaintiff, appeals from the trial court's order granting the defendants' Rule 12(b)(6), Ala.R.Civ.P., motion. Beverly P. Head, Jr., Nelson H. Head, James R. Forman, Jr., and Thomas L. Howard (defendants) were general partners in Costa and Head Land Company, an Alabama general partnership. Costa and Head Land Company was a general partner of Costa and Head (Birmingham One), Ltd., an Alabama limited partnership. Costa and Head (Birmingham One), Ltd., was a general partner of Costa and Head (Atrium), Ltd., an Alabama limited partnership. Nelson Head was a limited partner in Costa and Head (Atrium), Ltd.[1]
Duncan, Inc., had filed suit against Costa and Head (Atrium), Ltd.; Costa and Head (Birmingham One), Ltd., Costa and Head Land Company; Pedro C. Costa; Beverly P. Head, Jr.; and Nelson H. Head, in the Circuit Court of Jefferson County, Alabama. That case was styled Duncan, Inc. v. Costa and Head(Atrium), Ltd., and Pedro C. Costa, et al. That case and the case of Costa and Head (Atrium), Ltd. v. Duncan, Inc., et al., were consolidated for trial. Prior to trial, Beverly P. Head, Jr., and Nelson H. Head, two of the defendants in the case now before this court, were dismissed without prejudice as parties defendant. A verdict was rendered in favor of Costa and Head (Atrium), Ltd., against Duncan, Inc., in the amount of $735,000 in compensatory damages. A verdict was rendered in favor of Duncan, Inc., and against only Costa and Head (Atrium), Ltd., and Pedro C. Costa in the amount of $2,000,000 compensatory damages and $885,000 punitive damages.
On August 28, 1986, the trial judge entered on the docket sheet an order setting off the two verdicts and entered a judgment in favor of Duncan, Inc., against Costa and Head (Atrium), Ltd., and Pedro C. Costa in the amount of $2,150,000. No appeal was taken in that case, and that case is not before this Court.
In September 1986, Duncan, Inc., filed this suit, alleging that the defendants, as general partners of Costa and Head Land Company, which was a general partner of Costa and Head (Birmingham One), Ltd., which was a general partner of Costa and Head (Atrium), Ltd., were individually liable for the $2,150,000 judgment that Duncan, Inc. had obtained against Costa and Head (Atrium), Ltd.
A motion to dismiss the complaint was denied. The complaint was amended. Another motion to dismiss was filed, argued, and submitted. After submission, but before the trial court ruled, the plaintiff filed a second amended complaint, consisting of eleven counts. The first count of the second amended complaint was similar to the amended complaint and sought the same relief on the same theory. The other 10 counts sought to recover from the defendants on an averment substantially similar to the averments in the case ofDuncan, Inc. v. Costa and Head (Atrium), Ltd., et al.; the defendants' motion was granted, and Duncan, Inc., was given 30 days to amend. The trial court's order was amended to take into consideration the second amended complaint of Duncan, Inc., and to state that the motion to dismiss was granted as to count one and denied as to counts two through eleven of the second amended complaint. *Page 1307 
Count One of the complaint, as finally amended, alleged that Nelson H. Head, and Beverly P. Head, Jr., were dismissed by Duncan, Inc., on the day the trial was begun, and that the partnerships, Costa and Head Land Company and Costa and Head (Birmingham One), Ltd., were not dismissed and "should be bound by the judgment," and alleged that "However, in preparing the verdict forms, the Court omitted the names of [these] two partnerships." In reviewing the verdict form, which was attached to the complaint as an exhibit, it is clear that the $2,000,000 in compensatory damages and the $885,000 in punitive damages were awarded only against Costa and Head (Atrium), Ltd. and Pedro C. Costa.
It is undisputed that the defendants in this case had notice of the case of Duncan, Inc. v. Costa and Head (Atrium),Ltd., et al., which resulted in the net judgment of $2,150,000.
When the jury found in favor of Duncan, Inc., against some defendants and said nothing as to the other defendants, this was equivalent to a finding in favor of the other defendants.Handley v. Lawley, 90 Ala. 527, 529, 8 So. 101 (1890); Davis v.Dover, 460 So.2d 1359 (Ala.Civ.App. 1984), cert. denied.,286 Ala. 731, 239 So.2d 220 (Ala. 1970); Alabama Equity Corp. v.Hall, 46 Ala. App. 143, 239 So.2d 215 (1970); see also, Gamblev. Kellum, 97 Ala. 677, 12 So. 82 (1892). Count One of the complaint alleges that the trial court entered a judgment in favor of Duncan, Inc., against only Costa and Head (Atrium), Ltd., and Pedro C. Costa in the amount of $2,150,000, and a copy of this judgment, which was attached to the complaint as an exhibit, shows this to be true. Costa and Head Land Company and Costa and Head (Birmingham One), Ltd., remained parties to this previous suit, but no verdict was rendered against them or in their favor. Since a verdict was rendered against other defendants, (Costa and Head (Atrium), Ltd., and Pedro C. Costa), this was a finding in favor of Costa and Head Land Company and Costa and Head (Birmingham One), Ltd.; see Handleyv. Lawley, supra; Davis v. Dover, supra; and Alabama EquityCorp. v. Hall, supra.
In the case before us, Duncan, Inc., attempts to impose liability derivatively on the defendants on authority of Alabama Code 1975, § 10-8-52(2):
"All partners are liable:
". . . .
 "(2) Jointly and severally for all debts and obligations of the partnership, except as may be otherwise provided by law."
None of the defendants is a general partner of Costa and Head (Atrium), Ltd. None is a partner of Costa and Head (Birmingham One), Ltd.. They are all general partners of Costa and Head Land Company. To proceed as Duncan, Inc., attempts to proceed would require a judgment against Costa and Head Land Company. Under the theory of Duncan, Inc., that would be an essential link to these defendants. However, Duncan, Inc., not only does not have a judgment against Costa and Head Land Company, but under the authority of Handley v.Lawley, supra; Davis v. Dover, supra; Alabama Equity Corp. v.Hall, supra, there was a verdict and a subsequent judgment in favor of Costa and Head Land Company in the prior suit of Duncan, Inc.
Since it is only through their status as partners of Costa and Head Land Company that the defendants could be derivately liable under the allegations of Count One, as last amended, a judgment against Costa and Head Land Company is a prerequisite for maintaining the cause of action Duncan, Inc., asserts. A judgment in favor of Costa and Head Land Company in Duncan, Inc. v. Costa and Head (Atrium), Ltd., andPedro C. Costa, et al., CV 85-2180, was filed in the Circuit Court of Jefferson County. Therefore, the order granting the motion to dismiss as to Count One of the complaint is sustained.
This holding is not to be construed as authority for the proposition that a plaintiff can recover a judgment againstonly a partnership and then sue the individual partners on that judgment and recover by proving the judgment against the partnership and that the defendants are general *Page 1308 
partners in the partnership. Heavrin v. Lack Malleable IronCo., 153 Ky. 329, 155 S.W. 729 (1913), holds that a judgment creditor can recover in a suit against general partners in a suit on a judgment against the partnership of which they are partners. The following cases hold that such cannot be done under the particular facts of these cases: Woodfin v. Curry,228 Ala. 436, 153 So. 620 (1934); Ratchford v. Covington CountyStock Co., 172 Ala. 461, 55 So. 806 (1911); Baldridge v. Eason,99 Ala. 516, 13 So. 74 (1893). See Detrio v. United States,264 F.2d 658 (5th Cir. 1959). There may be some claim preclusion or issue preclusion in the suit against the partners, see Whisman v. Alabama Power Co., 512 So.2d 78 (Ala. 1987); however, this does not mean that a money judgment obtained in one action may be enforced in another action against a party who is not a party to that judgment. In an action on a judgment, one may not obtain relief broader than the judgment sued on. The partners must have due process of law. In spite of all the judicial decisions and scholarly treatises that attempt to define due process of law, the phrase is really self-defining. A person is entitled to the benefit of and reliance on those rules and procedures the law has prescribed for cases of the kind in which he is involved. In Alabama there is a prescribed process to follow to obtain a money judgment against a party. A complaint is filed naming that person and the charge he is to answer; he is given notice by service of process upon him; and he is given a right to a trial — an opportunity to be heard on the merits of his defense — before a judgment is entered against him. An attempt to burden a person with a judgment in any other manner is suspect and probably does not comport with due process of law.
Let the judgment of the trial court be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and BEATTY, JJ., concur.
ALMON, J., concurs specially.
[1] Our opinion in Ex parte Costa Head (Atrium), Ltd.,486 So.2d 1272, 1273 (Ala. 1986), states that Costa and Head Land Company was a limited partnership and that Nelson Head was a partner in Costa and Head (Birmingham One), Ltd.; however, the record in the present case does not support that statement.