It is established law in this state that a judgment against a partnership only, and not against the partners, attaches only to partnership assets and not to the property of the individual partners. Ala. Code 1975, § 6-7-70; Prado NorthResidences, Ltd. v. Prado North Condominium Association, Inc.,477 So.2d 396 (Ala. 1985); Woodfin v. Curry, 228 Ala. 436,153 So. 620 (1934); Ratchford v. Covington County, 172 Ala. 461,55 So. 806 (1911); Baldridge v. Eason, 99 Ala. 516,13 So. 74 (1893). Nothing advanced by Duncan persuades me that the Uniform Partnership Act, Ala. Code 1975, § 10-8-1 et seq., changes this rule. Duncan may be correct in arguing that the individual partners had notice of the action against the partnership of which they were ultimately the general partners, but they also had notice of the law of this state that they would not be individually bound by a judgment in a suit that did not name them as individuals. Therefore, it would violate due process to now hold them liable on a judgment which, prior to and at the time of its rendition, they could not have expected to operate against them individually.